IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Shane Poquette, ) | Case No. 5:24-cv-01528-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Jordan R. Sauls, Eric McDaniel, ) | |
| Demini Fulmure, Linsley Mondelus, ) | |
| Officer Epps, Sergeant Miles, Officer ) | |
| Williams, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on motions for summary judgment filed by Defendants.[1] [Docs. 81; 110.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings.

On July 2, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendants' motions for summary judgment be granted in part and denied in part. [Doc. 123.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do. [*Id*. at 27.] Defendants filed objections to the Report

---

[1] Defendants filed their initial motion for summary judgment on January 10, 2025 [Doc. 81], but Defendant Epps had not yet been served and was therefore not a party to the motion. As a result, on May 13, 2025, all Defendants filed another motion for summary judgment in which Defendant Epps incorporated the summary judgment arguments made on her behalf in the previous motion. [Doc. 110.] For ease of reference, the Court will cite to Defendants' original motion and the exhibits attached thereto for the arguments contained therein.

on July 18, 2025 [Doc. 129], Plaintiff has not filed any objections, and the time to do so has lapsed.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

Viewed in the light most favorable to Plaintiff, the summary judgment record reveals the following facts.[2] Plaintiff, a pretrial detainee proceeding pro se, has a congenital heart defect and valve replacement. [Doc. 81-1 at 4.] On November 23, 2023, Plaintiff complained of chest pain and was sent to the hospital. [*Id*. at 32.] Plaintiff was

---

[2] The Court includes only the factual information necessary to address Defendants' objections to the Report.

sent home without any prescribed medication after the doctors determined acid reflux was the likely cause. [*Id*. at 22.]

Plaintiff alleges that in early January 2024, he told Defendant Epps that he had had two open-heart surgeries, was having chest pains, and needed a hospital quickly. [Doc. 1 at 6.] Plaintiff further alleges that Defendant Miles was summoned six hours later, checked his blood pressure, gave him someone else's yellow pill, and sent him back to his cell. [*Id*.] Although Miles does not recall the incident, he averred that the yellow pills are Clonidine, which is used to treat elevated blood pressure. [Doc. 81-3.] Plaintiff claims that the next night, he complained of chest pain to Defendant Williams, who waited six hours to call a sergeant. [Doc. 1 at 10.] Although Williams does not recall the incident, she averred that she would have reported an inmate's chest pains to a supervisor promptly. [Doc. 81-4.]

Medical reports show that on the night of January 3–4, 2024, around midnight, Williams called a sergeant reporting that Plaintiff was having chest pains. [Doc. 81-1 at 31.] Plaintiff's vitals were taken, an on-call nurse was contacted, and EMS transported Plaintiff to the hospital. [*Id*.] The hospital diagnosed Plaintiff with a heart attack. [*Id*. at 4.]

## **APPLICABLE LAW**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

3

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id*. at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id*. at 324.  Rather, the non-moving party "must, by affidavit or the like, respond to the motion."  *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).  For the purposes of summary judgment, "a verified complaint is the equivalent of an opposing affidavit . . . when the allegations contained therein are based on personal knowledge."  *Id*.  To withstand summary judgment, the nonmovant must demonstrate specific, material facts exist that give rise to a genuine issue.  *Celotex Corp.*, 477 U.S. at 323.  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Id*. at 248.  "Only disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

The Magistrate Judge recommends granting Defendants' motions for summary judgment on all of Plaintiff's claims except his Fourteenth Amendment deliberate indifference claim against Defendants Officer Epps, Sergeant Miles, and Officer Williams for their alleged failure to respond adequately to his heart condition. [Doc. 123.] The Magistrate Judge concluded that Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment; Defendants McDaniel and Sauls are entitled to qualified immunity on Plaintiff's claim that they were deliberately indifferent to his dental healthcare needs and failed to properly administer medication upon his return from the hospital; Plaintiff has failed to establish personal participation or violation of a constitutional right by any named Defendant on Plaintiff's claims regarding medical charges; Plaintiff is unable to establish as a matter of law that his week-long stay in the

5

maximum segregation unit amounts to a due process violation; and Plaintiff is unable to establish a constitutional violation based on Defendants Mondelus and Fulmore's alleged denial of Plaintiff's access to the courts. [*Id.* at 9, 16–25.]

However, the Magistrate Judge also concluded that Defendants Miles, Williams, and Epps are not entitled to summary judgment on Plaintiff's deliberate indifference claims against them because there are genuine issues of material fact as to whether their alleged failure to contact medical when Plaintiff complained of chest pains was objectively unreasonable. [*Id.* at 10–16.] Specifically, the Magistrate Judge determined that Plaintiff's allegations regarding his complaints of chest pains and Defendants' slow and inadequate responses, combined with Defendants Miles' and Williams' declarations that they do not recall the incident and Defendant Epps' failure to provide a declaration, create a genuine issue of material fact regarding what transpired and whether Defendants' actions or inactions were deliberately indifferent. [*Id.*]

In their objections, Defendants primarily argue that the Magistrate Judge erred in finding a genuine dispute over whether Defendants acted unreasonably in response to Plaintiff's complaints of chest pain. [*Id.* at 6–9.] More specifically, Defendants argue that, in determining there was a genuine dispute of fact, the Magistrate Judge relied only on Plaintiff's allegations and arguments instead of on evidence in the record. [*Id.*]

The Court sustains Defendants' objection. The Court initially notes that Defendants attached to their first summary judgment motion many declarations and medical records concerning the facts relevant to Plaintiff's claim. [*See* Docs. 81-1–81-12.] Plaintiff, on the other hand, did not file a verified complaint, nor did he attach declarations or affidavits to his unverified Complaint or his responses in opposition to

6

Defendants' summary judgment motions. [Docs. 1; 88-1; 119.] As such, in considering Defendants' entitlement to summary judgment, the Court largely is left to accept the correctness of Defendants' declarations and reject the unsupported contrary allegations in Plaintiff's Complaint and responses to Defendants' motions. *See Celotex Corp.*, 477 U.S. at 323.

To prove a claim for deliberate indifference to a medical need, a pretrial detainee must establish (1) he had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had the condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed. *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023).

Here, as Defendants point out in their objections, there is no evidence beyond mere allegations that Defendants were aware of Plaintiff's condition and intentionally failed to act appropriately. The only evidence cited by the Magistrate Judge that all three Defendants had knowledge of Plaintiff's condition—the incident report stating that Plaintiff had previously been to the hospital—weighs against a finding that Defendants knew their inaction posed an unjustifiably high risk of harm, as Plaintiff was diagnosed with acid reflux during that hospital visit. [Docs. 81-1 at 22, 32; *see also* Docs. 81-3 (Miles affidavit stating he does not recall being called to check Plaintiff's vitals in early January 2024); 81-4 (Williams declaration stating she does not recall Plaintiff complaining to her of chest pain in early January 2024).] Further, although the Magistrate Judge cites evidence that Williams reported Plaintiff's chest pains to her supervisor, there is no indication in the

7

incident report that Plaintiff had complained of chest pain the previous day or that Williams waited any particular length of time, much less six hours, to report the chest pain. [*See* Doc. 81-1 at 31; *see also* Doc. 81-4 (Williams declaration that she would have reported Plaintiff's chest pain to a supervisor promptly and would not have waited six hours).] Accordingly, the Court grants Defendants' motions for summary judgment on Plaintiff's claim of deliberate indifference to his heart condition.[3]

## **CONCLUSION**

Based upon the foregoing, the Court accepts in part and rejects in part the Report and Recommendation of the Magistrate Judge and incorporates it by reference to the extent not inconsistent herewith. Accordingly, Defendants' motions for summary judgment [Docs. 81; 110] are GRANTED.

---

[3] As to the Magistrate Judge's recommendations that summary judgment be granted on the remainder of Plaintiff's claims, Plaintiff did not file objections. Defendants object to the Report's factual background section to the extent it is intended as a recitation of the evidence rather than a recitation of the Complaint, to the Magistrate Judge's finding that Plaintiff exhausted his claims, and to the Magistrate Judge's conclusion that there is a genuine dispute of material fact as to whether the medical charges constituted a constitutional violation. [*See* Doc. 129 at 4–6, 10–11.] However, because the Magistrate Judge ultimately recommends that summary judgment be granted to Defendants on all but Plaintiff's deliberate indifference claim and the Court sustains Defendants' objection on the merits of that claim, the Court need not address Defendants' other objections, as they would not alter the outcome regarding Defendants' motions for summary judgment. Having reviewed the Report, the record, and the applicable law regarding the Report's recommendations that summary judgment be granted on the remainder of Plaintiff's claims, the Court accepts the Report with respect to the recommendations that summary judgment be granted on Plaintiff's claims against Defendants in their official capacities and for deliberate indifference to his medical needs for medication and dental healthcare, unconstitutional medical charges, violation of due process, and denial of access to the courts.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin  
United States District Judge

September 8, 2025  
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.